IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No. 05-cv-00993-LTB-CBS

SOOTHSOFT INNOVATIONS WORLDWIDE, INC.
f/k/a MAVERICK MARKETING VENTURES, INC.,
ERIC D. STANLEY, and
KIRK A STANLEY,

    Plaintiffs,

v.

K&H MANUFACTURING, INC.,
PETSMART, INC.,
DRS. FOSTER & SMITH, INC.,
PET STREET MALL, d/b/a THEPAMPEREDPETMART.COM,
FAITHFUL PET PRODUCTS,
MANITOU MARKETING, INC., d/b/a TOTALPETCOMFORT.COM,
JEFFERS PET d/b/a JEFFERSPET.COM,
DRESSLER'S DOG SUPPLIES d/b/a DRESSLERSDOG.COM,
J-B WHOLESALE PET SUPPLIES, INC., d/b/a JBPET.COM,
LAMBRIAR ANIMAL HEALTH CARE, INC, d/b/a LAMBRIARVET.COM,
PICKLED HERRING, INC. d/b/a PETRONIC.COM,
A S WEBSALES CORPORATION d/b/a BUYPETBEDS.COM,
CARE-A-LOT PET SUPPLY d/b/a CAREALOTPETS.COM, and
THAT FISH PLACE- THAT PET PLACE, d/b/a www.thatpetplace.com,

    Defendants.

**STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

    WHEREAS, it appears that certain documents, information and tangible objects that may be produced in discovery in this proceeding may contain trade secrets or other confidential research, development, or commercial information, the public disclosure of which would cause injury;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES TO THIS ACTION, THROUGH THEIR RESPECTIVE COUNSEL, SUBJECT TO APPROVAL OF THE COURT, THAT:

1. This Stipulation and Order governs the treatment of documents[1], transcripts of and exhibits to depositions, interrogatory answers, responses to requests for admissions, and other written, recorded, or graphic material, including all copies, excerpts, abstracts, or summaries thereof (collectively, "Discovery Material"), produced, received, filed with the Court, served, or obtained by any party or non-party in this action (collectively, "Person(s)").

2. Any Person shall have the right, before disclosure, to designate as "CONFIDENTIAL" or "Attorneys' Eyes Only" ("AEO") any Discovery Material it produces or provides that an attorney or legal assistant on behalf of the Person believes constitutes, reflects or discloses its trade secrets or other confidential research, development, or commercial information within the scope of Fed. R. Civ. P. 26(c)(7).

3. Discovery Material designated as "CONFIDENTIAL" shall be limited to Discovery Material that the designating Person believes in good faith must be held confidential to protect business or commercial interests.

4. Discovery Material designated as AEO shall be limited to Material that the designating Person believes in good faith is so commercially sensitive or confidential that the disclosure to employees of another party, even under the restricted terms and conditions applicable to material designated "CONFIDENTIAL," would not provide adequate protection to the interests of the producing Person.

---

[1] The term "document" as used herein shall include any "writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained." *See* Federal Rules of Civil Procedure Rule 34(a).

5. All Discovery Material designated as either "CONFIDENTIAL" or AEO (including the contents and all written, recorded, or graphic copies, excerpts, abstracts, or summaries thereof), shall be referred to in this Stipulation and Order as "Designated Material" and shall be handled in strict accordance with the terms of this Stipulation and Order. Specifically, absent an order by this Court, Designated Material shall be used by the parties to this action solely in connection with this action and any appeal therefrom, and not for any business, copyright, trademark or patent prosecution, competitive or governmental purpose or function, and shall not be disclosed to anyone except as provided herein. Designated Material may be disclosed only under the circumstances and to the persons specifically provided for in this Stipulation and Order or any subsequent Court order, or with the explicit written consent of the designating Person with respect to specifically identified Designated Material.

6. Discovery Material designated as "CONFIDENTIAL" (including the contents and all written, recorded, or graphic copies, excerpts, abstracts, or summaries thereof), may be disclosed, shown, or made available, or communicated in any way only to the following persons:

    a. attorneys for the parties to this litigation, and persons working solely in secretarial, clerical, and paralegal capacities, and who are providing assistance to such attorneys;

    b. qualified persons taking testimony involving Designated Material, and necessary stenographic, videographic, and clerical personnel thereof;

    c. consultants or experts and their staff who are employed for the purposes of this litigation, provided that the provisions of Paragraph 11 of this Stipulation and Order are complied with prior to any disclosure of any Designated Material to such an expert or consultant;

   d. the Court and the Court's staff pursuant to Paragraph 15 of this Stipulation and Order;

   e. the parties and employees of the parties, but only to the extent necessary to participate in, assist in and monitor the progress of this action and for no other purpose;

   f. third-parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents, but for that purpose only, provided that all such confidential documents are kept in a separate and secure place and that the third party retained to copy, image, or code confidential documents is not currently performing any services, either as an employee, consultant, or otherwise for any competitor of any party to this action or for one having any interest adverse to any party to this action;

   g. witnesses deposed in this action or who are called as witnesses at any hearing in this action, but only as set forth in Paragraph 16 of this Stipulation and Order.

  7. Discovery Material designated as AEO (including the contents and all written, recorded or graphic copies, excerpts, abstracts, or summaries thereof which shall be labeled as such by the Person creating them), may be disclosed, shown, or made available, or communicated in any way, only to the persons identified in paragraphs 6(a) -6(g) of this Stipulation and Protective Order, but not persons disclosed in 6(e).

  8. Designated Material shall be so designated by marking or stamping such material "CONFIDENTIAL" or "Attorneys Eyes Only" at such time the material is disclosed, or as soon thereafter as the person or entity seeking the protection becomes aware of the nature of the material disclosed and sought to be protected.

  9. Where Discovery Material is produced for inspection before being sent to a receiving Person, the producing Person shall have the right to have representatives present in the

inspection room at all times during the receiving Person's inspection of such Discovery Material. If the producing Person has anyone present in the inspection room during inspection by the receiving Person, another room nearby shall be set aside for the receiving Person's counsel to confer.  All Discovery Material produced for inspection and the information contained therein shall be treated by the receiving party as CONFIDENTIAL prior to the receiving Person's receipt of copies of the material, unless such Discovery Material is designated AEO at the time of such inspection, and shall then be treated accordingly.  Upon such receipt of copies, the designation indicated on the copy, if any, shall be the operative designation.

      10.    Any deposition testimony may be classified as Designated Material by indicating on the record at the deposition that the examination or testimony discloses Designated Material under the terms of this Stipulation and Order. The portions of the original deposition transcript, exhibits, and all copies of exhibits thereto that contain material so designated shall be separately bound and prominently marked with the appropriate designation on the cover thereof and, if and when filed with the Court, the confidential portions of such transcripts shall be filed pursuant to Paragraph 12 of this Stipulation and Order.

      11.    Except for persons described in Paragraph 6(a), 6(b) or 6(d) of this Stipulation and Order, all persons to whom Designated Material is disclosed or by whom Designated Material is used, including non-parties and their representatives, shall be informed of and agree to be bound by the terms of this Stipulation and Order and shall take all necessary precautions to prevent any disclosure or use of Designated Material other than as authorized by this Stipulation and Order.

      a.    Prior to disclosing Designated Material to anyone, other than Persons described in Paragraph 6(a), 6(b), 6(d), 6(e) and/or 6(f) of this Stipulation and Order, the disclosing Person shall obtain from such Person a written acknowledgment, substantially

in the form of Exhibit I annexed hereto, that such person has reviewed a copy of this Stipulation and Order, will comply with its terms in all respects, and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such Person has complied with the terms of this Stipulation and Order.  Additionally, prior to dissemination by a disclosing Person, or its counsel of record, of any Designated Material to anyone, other than Persons described in Paragraph 6(a), 6(b), 6(e) or 6(f) of this Stipulation and Order, the disclosing Person shall obtain and preserve a copy of this acknowledgment evidencing that such Person has executed the undertaking set out in this Paragraph 11.

      b.      Persons who are authorized to review Designated Material pursuant to this Stipulation and Order shall hold the Designated Material and its contents in confidence and shall not divulge the Designated Material or its contents, either verbally or in writing, except as expressly permitted by this Stipulation and Order, unless authorized to do so by a further Order of this Court or as specifically required by law.

12.      Before any disclosures are made pursuant to Paragraph 6(c) to consultants or testifying experts, the receiving party shall provide notice to the producing Person, and shall provide the curriculum vitae (or other summary of professional background) of the independent expert or consultant to whom the disclosure is proposed to be made.  The producing Person shall have five (5) business days from receipt by its counsel of such notice to object in writing to any disclosure contemplated in Paragraph 6(c), during which time no such disclosure shall be made. If the producing Person does object to the proposed disclosure, the parties shall meet and confer in good faith to resolve the disagreement.  If the parties are not able to come to an agreement, the producing Person shall have an additional five (5) business days within which to file a motion for a protective order seeking to prevent the disclosure of the Designated Material to such consultant

or expert. If such a motion is filed, disclosure shall not be made until the Court has ruled on the motion. If the producing party does not file a motion for a protective order within five (5) business days after the parties have met and conferred, the requesting Person shall have the right to make the proposed disclosure. Such disclosure shall not in any way affect the designation of the material or information disclosed, nor shall it allow any party to deviate from the requirements of this Stipulation and Order regarding disclosure to any other person.

13. During the course of this action, a Person may be requested to produce Discovery Material subject to contractual or other obligations of confidentiality owed to a non-party by the Person receiving the request. The Person subject to such contractual or other obligation of confidentiality shall timely contact the non-party to determine whether such non-party is willing to permit disclosure of the confidential document or information under the terms of this Stipulation and Order. If the non-party is willing to permit the disclosure of the subject material to the requesting party, the documents shall be produced in accordance with this Order. If the non-party is not willing to permit disclosure of the confidential document or information under the terms of this Stipulation and Order, the requesting party in the litigation shall be notified and any documents withheld on the basis of such contractual or other confidentiality obligation shall be identified on a separate index stating the reason for withholding the document and the Person to whom the obligation of confidentiality is owed. This Stipulation and Order shall not preclude any party from moving the Court for an order compelling production of such material.

14. All Discovery Material designated "CONFIDENTIAL" and AEO shall be kept in secure facilities, and access to those facilities shall be permitted only to those persons set forth in Paragraph 6 of this Stipulation and Order.

15. Discovery Material designated "CONFIDENTIAL," where filed with the Court as

part of any pleading or as evidence, shall be filed with Court along with a motion and order requesting sealing. The parties shall comply with D.C.COLO.LCivR 7.2 and 7.3 in making such filings.

16. Witnesses deposed in this action or who are called as witnesses at any hearing in this action may be shown Designated Material by an attorney but only (1) in preparation for the deposition or hearing or (2) during the deposition or hearing, and only under the following circumstances:

   a. any witness may be shown Designated Material in which the witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy;

   b. a current officer, director, or employee of a designating Person may be shown the designating Person's own Designated Material;

   c. any witness selected by a designating Person to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown the designating Person's own Designated Material;

   d. a former officer, director, or employee of a designating Person may be show that Person's Designated Material if it appears from the face of the Designated Material that the witness previously had access to the Designated Material while employed by the designating Person, provided that counsel making such disclosure shall inform the witness that the matter is confidential and may not be disclosed or used except as provided in this Stipulation and Order.

   e. any witness within the scope of Paragraph 6(c) provided that the receiving party has complied with the provisions of Paragraph 12 and an Exhibit I Undertaking has

been signed.

17. A designating Person that inadvertently fails to mark Designated Material as "CONFIDENTIAL" or AEO at the time of the production shall promptly correct its failure once discovered. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each Discovery Material appropriately marked as "CONFIDENTIAL." Within five (5) days of receipt of the substitute copies, the receiving Person shall return or destroy the previously unmarked materials and all copies thereof. The corrected designations shall apply prospectively only.

18. Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as "CONFIDENTIAL" or AEO on the record at the deposition shall have ten (10) days following mailing of the transcript by the court reporter in which to correct his or her failure. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that contain confidential information and directing the reporter to mark that portion of the transcript accordingly.

19. If Designated Material is disclosed to anyone other than in the manner authorized herein, the Person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested Persons and the Court, and without prejudice to other rights and remedies of the designating Person and shall make every effort to prevent further disclosure by it or by anyone who was a recipient of such information.

20. If at any time during the pendency or trial of this action, any party claims that Designated Material is not appropriately so designated, it may serve a captioned notice of objection on all parties and affected Persons, identifying with particularity the Designated Material as to which the designation is challenged, stating the basis for each challenge, and proposing a

new designation for such materials. If the designating Person does not withdraw or redesignate the materials within five (5) business days after service, the designating Person shall have ten (10) days from such written challenge to file a motion for protective order with the Court to maintain such designation. If, and only if, such a motion is timely filed, the subject information will continue to be treated as "CONFIDENTIAL" or AEO until the ruling of the Court. The Court may award sanctions on any motion concerning the designation if it finds that any Person's position with respect to the designation was taken without substantial justification. The failure of any Person to challenge any designation by any other Person shall not constitute a waiver of the right to challenge the designation at a later time nor an admission of the correctness of the designation.

21. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulation and Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Stipulation and Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential, or a trade secret.

22. Notwithstanding any other provision of this Stipulation and Order to the contrary, the confidentiality obligations of this Stipulation and Order shall not apply or shall cease to apply to any information that:

    a.     at the time of disclosure hereunder, was already in the public domain by publication or otherwise;

    b.     since the time of disclosure hereunder, has become, through no act or failure on the part of the receiving Person, part of the public domain by publication or otherwise;

    c. at the time of disclosure, was already in the possession of the receiving Person and was not acquired directly or indirectly from the designating Person or from any third party under obligation of confidence to the designating Person;

    d. after disclosure hereunder, was acquired by the receiving Person from a third party lawfully possessing the same and having no obligation to the designating Person hereunder; or,

    e. the designating Person agrees may be disclosed to a third party under no obligation of confidentiality.

Any Person claiming that he or she is relieved of the obligations of this Stipulation and Order by operation of any of Paragraphs 22(a)-(d) shall have the burden of proving that any of the provisions of Paragraphs 22(a)-(d) apply.

  23. Upon the termination of this proceeding, this Stipulation and Order shall continue to be binding upon the parties hereto, and upon all Persons to whom Designated Material has been disclosed or communicated, and this Court shall retain jurisdiction to enforce this Stipulation and Order.

  24. Subject to final order of the Court upon completion of all matters relating to this case, within sixty (60) days after entry of any final and unappealable judgment in this litigation, any and all Discovery Material and all copies thereof shall be returned to the designating Person or, at the option of the designating Person, destroyed; provided, however, counsel for each party shall be permitted to retain and archive Discovery Material that is contained in files ordinarily maintained in the course of litigation. If Discovery Material is destroyed pursuant to this Paragraph 24, the party destroying such Discovery Material shall certify in writing to the designating Person that such destruction has taken place.

25. Nothing in this Stipulation and Order shall limit or restrict the manner in which any party shall handle its own Discovery Material.

26. This order is being entered without prejudice to the right of any party to request modification of or relief from any of its terms from the Court.

27. When any third party produces documents or testimony pursuant to a request from a party in this matter:

    a. Such third party may designate their testimony or documents as "CONFIDENTIAL" or AEO pursuant to this Order; and

    b. Any party receiving such documents or testimony from a third party may designate any such documents or testimony as "CONFIDENTIAL" pursuant to this Order, provided that the designating Person has a direct interest in placing such documents or testimony under the confidentiality provisions of this Order as defined in Paragraph 3.

28. Any Designated Material offered as an exhibit at trial may be offered without compliance with the procedure set forth in Paragraph 15 herein; provided, however, that the designating Person may seek, on a per exhibit basis, to seal such exhibit to preserve its confidentiality.

Dated:   October 28, 2005        By: s/ Stephen A. Hess
                                  Counsel for K&H Manufacturing, Inc.


Dated:   October 28, 2005        By: s/ Paul F. Lewis
                                  Counsel for SoothSoft Innovations Worldwide, Inc.

DATED at Denver, Colorado, this 2ND day of November, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

Exhibit I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No. 05-cv-00993-LTB-CBS

SOOTHSOFT INNOVATIONS WORLDWIDE, INC.
f/k/a MAVERICK MARKETING VENTURES, INC.,
ERIC D. STANLEY, and
KIRK A STANLEY,

    Plaintiffs,

v.

K&H MANUFACTURING, INC.,
PETSMART, INC.,
DRS. FOSTER & SMITH, INC.,
PET STREET MALL, d/b/a THEPAMPEREDPETMART.COM,
FAITHFUL PET PRODUCTS,
MANITOU MARKETING, INC., d/b/a TOTALPETCOMFORT.COM,
JEFFERS PET d/b/a JEFFERSPET.COM,
DRESSLER'S DOG SUPPLIES d/b/a DRESSLERSDOG.COM,
J-B WHOLESALE PET SUPPLIES, INC., d/b/a JBPET.COM,
LAMBRIAR ANIMAL HEALTH CARE, INC, d/b/a LAMBRIARVET.COM,
PICKLED HERRING, INC. d/b/a PETRONIC.COM,
A S WEBSALES CORPORATION d/b/a BUYPETBEDS.COM,
CARE-A-LOT PET SUPPLY d/b/a CAREALOTPETS.COM, and
THAT FISH PLACE- THAT PET PLACE, d/b/a www.thatpetplace.com,

    Defendants.

**CONFIDENTIAL UNDERTAKING REGARDING
CONFIDENTIAL DISCOVERY MATERIAL**

    My name is _____. My home address is _____.
I am employed as (state position) _____ at (state name and address of employer) _____
_____.

1.      I have read the Stipulation and Protective Order Regarding Confidential Information in the referenced action ("Order") and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its terms.

2.      I further agree to submit to the jurisdiction of this Court for adjudication of any dispute regarding my compliance with the terms of this Order.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____,2005, at _____.

_____